IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 142, | ) ) ) | CIVIL NO.08-00458 SOM/LEK |
| Petitioner, | ) ) ) | ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD |
| vs. | ) ) | |
| McCABE HAMILTON & RENNY CO., LTD., | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD

I.      INTRODUCTION.

This dispute between International Longshore & Warehouse Union, Local 142 and McCabe, Hamilton & Renny, Ltd., stems from a 1994 assault on Quentin Tahara by a coworker and McCabe's subsequent failure to reinstate him. The dispute was submitted to arbitration, and the Arbitrator, finding that McCabe had violated its collective bargaining agreement with the Union, awarded Tahara full back pay dating back to the assault. On March 31, 2008, in response to the Union's motion to confirm the award, this court confirmed the award in part but remanded certain back pay calculations to the Arbitrator. The Arbitrator then issued an Amended Supplemental Decision and Award on April 7, 2008.

The Union now seeks to confirm the amended award and requests entry of judgment in full. McCabe opposes the Petition

to Confirm, citing the consequences it says would flow if judgment were to be entered in full.  Such equitable considerations are not properly within this court's discretion in reviewing an arbitration award.  Even were McCabe to assert a valid defense to confirmation of the award, that defense would be untimely.  The Petition to Confirm is GRANTED.

II.     JURISDICTION.

This court has jurisdiction over the present suit pursuant to 29 U.S.C. § 185(a), which provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  This court is further empowered by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to review arbitration conducted under the terms of a collective bargaining agreement.  Sprewell v. Golden State Warriors, 266 F.3d 979, 986 (9th Cir. 2001)(citing United Steelworkers of Am. v. Enter. Wheel & Car Co., 363 U.S. 593 (1960)).

III.    STANDARD OF REVIEW.

McCabe asks this court to review the Arbitrator's instructions that McCabe pay the full amount of the award forthwith.  The court has very little discretion to review an arbitration award.  "Judicial scrutiny of an arbitrator's

decision is extremely limited.  The arbitrator's factual determinations and legal conclusions generally receive deferential review as long as they derive their essence from the CBA [Collective Bargaining Agreement]." Sheet Metal Workers Int'l Ass'n, Local No. 359 v. Ariz. Mech. & Stainless, Inc., 863 F.2d 647, 653 (9th Cir. 1988)(citing Enter. Wheel, 363 U.S. at 597).  "Deference is the rule; rare indeed is the exception." Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, 886 F.2d 1200, 1209 (9th Cir. 1989)(en banc).

The Ninth Circuit has instructed that, "so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him, because their interpretation of the contract is different than his." Sprewell, 266 F.3d at 986 (9th Cir. 2001)(citing San Francisco-Oakland Newspaper Guild v. Tribune Pub. Co., 407 F.2d 1327, 1327 (9th Cir. 1969)(per curiam)).  Ultimately, "our task is to determine whether the arbitrator interpreted the collective bargaining agreement, not whether he did so correctly." Hawaii Teamsters & Allied Workers Union, Local 996 v. UPS, 241 F.3d 1177, 1178 (9th Cir. 2001) See, e.g., Stead Motors, 886 F.2d at 1204 ("We are bound--under all except the most limited circumstances--to defer to the decision of [the arbitrator], even if we believe that the decision finds the facts and states the law erroneously.").

While an arbitration award "cannot simply reflect the

arbitrator's own notions of industrial justice," the Supreme Court has held that, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." <u>United Paperworkers Int'l Union v. Misco, Inc.</u>, 484 U.S. 29, 38 (U.S. 1987).

In its order on March 31, 2008, this court held that the original arbitration award was based on the collective bargaining agreement, that the Arbitrator had not substituted his own brand of justice, and that he had not exceeded the scope of the issues submitted to him by the parties.  Judgment was entered for the Union, confirming the award, but leaving open the exact amount of back pay to be re-calculated by the Arbitrator.  The court has no reason to reconsider the deference it afforded the original award.  McCabe's attacks on the requirement that it pay the award in full are based on considerations extraneous to the parties' dispute.  Such a challenge does not fit within this court's narrow range of discretion to review the terms of the award.

IV.     <u>AVAILABLE DEFENSES</u>.

Under federal law,

> Vacatur of an arbitration award under section 301 of the LMRA is warranted: (1) when the award does not draw its essence from the collective bargaining agreement and the

>    arbitrator is dispensing his own brand of
>    industrial justice; (2) where the arbitrator
>    exceeds the boundaries of the issues submitted
>    to him; (3) when the award is contrary to
>    public policy; or (4) when the award is
>    procured by fraud.

S. Cal. Gas Co. v. Util. Workers Union, Local 132, 265 F.3d 787, 792-793 (9th Cir. 2001).[1]

McCabe does not establish that the Arbitrator was dispensing his own brand of justice, that he exceeded his authority, or that the award was procured by fraud.  Insofar as McCabe argues that enforcing an award would have dire consequences, McCabe appears to be invoking the "now-settled rule that a court need not, in fact cannot, enforce an award which violates public policy." Aramark Facility Servs. v. SEIU, Local 1877, 530 F.3d 817, 823 (9th Cir. Cal. 2008).

Challenging an award on public policy grounds is

---

[1] In describing the defenses available to McCabe, the Union cites to the Supreme Court's recent interpretation of the Federal Arbitration Act, in which the Court held that "[9 U.S.C.] §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification." Hall St. Assocs., L.L.C. v. Mattel, Inc., 128 S. Ct. 1396, 1403 (2008).  The Union's reliance on this holding is misplaced.  The Arbitration Act does not apply to "contracts of employment of . . . workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.  Rather, "the substantive law to apply in suits under Section 301 (a)[of the Labor Management Relations Act, 29 U.S.C. § 185,] is federal law, which the courts must fashion from the policy of our national labor laws." Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 456 (1957).  Federal courts have, however, "often looked to the [Federal Arbitration] Act for guidance in labor arbitration cases." Misco, 484 U.S. at 41.

McCabe's sole means of broadening this court's discretion to review the arbitration award. "Only when the arbitrator's award actually violates the law or any explicit, well-defined and dominant public policy, is deference inappropriate." Sheet Metal No. 359, 863 F.2d at 653 (citing Misco, 484 U.S. at 108).

There are several requirements for invoking this exception to the rule of deference. "To vacate an arbitration award on public policy grounds, we must (1) find that an explicit, well defined and dominant public policy exists here and (2) that the policy is one that specifically militates against the relief ordered by the arbitrator." United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms, 74 F.3d 169, 174 (9th Cir. 1995)(internal citations omitted). McCabe presents no such explicit public policy to this court.

McCabe's failure to articulate its opposition in terms of public policy per se exposes the weakness of McCabe's argument. "General considerations of supposed public interest do not trigger the public policy exception." Id. This court has no reason to limit the deference it has shown to the Arbitrator's determinations, and McCabe has not raised a valid basis for challenging the award. McCabe's challenge does not fall into any of the recognized categories for modifying or vacating an arbitration award and is not a cognizable affirmative defense.

V.      STATUTE OF LIMITATIONS.

     Even if McCabe had a valid defense, such an opposition to confirmation of the award would not be timely.  The Ninth Circuit has held that "a party opposing an arbitration award must move to vacate the award or be barred from further legal action." Sheet Metal Workers' International Asso. Local No. 252 v. Standard Sheet Metal, Inc., 699 F.2d 481, 482 (9th Cir. 1983). Ultimately, "a party's failure to petition to vacate an arbitration award within the relevant statutory limitations period will preclude the assertion of affirmative defenses in a subsequent action to confirm the award." Int'l Longshoremen's & Warehousemen's Union, Local 32 v. Pac. Mar. Ass'n, 773 F.2d 1012, 1019 (9th Cir. 1985).  McCabe brought no motion to vacate the supplemental award.

     In arbitration, "statutes of limitations apply to defenses as well as suits because arbitration awards are themselves the creatures of statute.  The common law exception by which limitation periods do not apply to defenses does not control." Sheet Metal No. 252, at 483.  In determining the time limit, this court notes that "[s]tate statutes of limitations for arbitration awards apply in labor cases. Id. (citing Local 1020, United Bhd. of Carpenters v. FMC Corp., 658 F.2d 1285, 1289-92 (9th Cir. 1981)).

     Hawaii state law provides that a motion to vacate an

7

arbitration award "shall be filed within ninety days after the movant receives notice of the award . . . unless the movant alleges that the award was procured by corruption, fraud, or other undue means."  Haw. Rev. Stat. § 658A-23.  McCabe does not allege corruption, fraud, or undue means.  The arbitration award was issued by Arbitrator Tsukiyama on April 7, 2008.  The statute of limitations period, 90 days, lapsed on July 7, 2008 (the first working day after the ninetieth day, which was July 6, 2008).  McCabe filed no motion to vacate by July 7, 2008.  Even were McCabe now invoking a legitimate defense, it would be untimely.

VI.     CONCLUSION.

This court is unpersuaded by McCabe's opposition to the Union's Petition to Confirm.  Even if McCabe had a cognizable defense to the underlying arbitration award, it would be untimely.  The Petition to Confirm the amended award is therefore GRANTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 14, 2009.



/s/ Susan Oki Mollway

Susan Oki Mollway

United States District Judge

International Longshore and Warehouse Union, Local 142, vs. McCabe Hamilton & Renny Co., Ltd., Civil No. 08-00458 SOM/LEK. ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD.