IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, | CIV. NO. 08-00458 SOM-LEK |
| Petitioner, | |
| vs. | |
| MCCABE, HAMILTON & RENNY CO., LTD., | |
| Respondent. | |

**FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN TAHARA'S EX PARTE MOTION TO STAY ILWU-142 AND MCCABE HAMILTON & RENNY'S RIGHT TO SETTLE ARBITRATION AWARD WITHOUT THE AGREEMENT OF QUINTEN TAHARA, MOVANT IN PENDING MOTION TO INTERVENE OR IN THE ALTERNATIVE MOTION TO REQUIRE DEFENDANT JUDGMENT DEBTOR MCCABE HAMILTON & RENNY'S POSTING OF BOND OR SURETY, FILED MAY 22, 2009**

Before the Court, pursuant to designation by United States District Judge Susan Oki Mollway,[1] is Quinten Tahara's ("Movant") Ex Parte Motion to Stay ILWU-142 and McCabe Hamilton & Renny's Right to Settle Arbitration Award Without the Agreement of Quinten Tahara, Movant in Pending Motion to Intervene or in the Alternative Motion to Require Defendant Judgment Debtor McCabe Hamilton & Renny's Posting of Bond or Surety ("Motion"), filed on May 22, 2009.[2]

---

[1] A judge may designate a magistrate judge to conduct a hearing on a motion for injunctive relief and to submit findings and recommendations.  See 28 U.S.C. § 636(b)(1)(A)-(B).

[2] Movant is a former employee of Respondent McCabe Hamilton & Renny, Co., Ltd.  He was assaulted and seriously injured while at work.  The lengthy and complex history of the civil, criminal
(continued...)

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion and the Affidavit of Quinten Tahara, this Court HEREBY FINDS AND RECOMMENDS that the Motion be DENIED for the reasons set forth below.

## BACKGROUND

This matter arises out of a union grievance which was submitted to arbitration.  On April 7, 2008, the arbitrator, Ted Tsukiyama, issued an Amended Supplemental Arbitration Decision and Award ("Arbitration Decision and Award").  On October 14, 2008, Petitioner International Longshore & Warehouse Union Local 142, AFL-CIO ("ILWU Local 142") filed the Petition to Confirm Arbitration Award ("Petition") seeking confirmation of the Arbitration Decision and Award pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. § 1331.  [Petition, filed October 14, 2008, at §§ 1-3.]  Respondent McCabe Hamilton & Renny, Co., Ltd. ("McCabe") opposed the Petition.  The district judge granted the Petition on January 14,

---

[2](...continued)
and union grievance matters which arose out of the assault are fully set forth in the Order Confirming in Part and Remanding in Part Arbitration Award, filed on April 1, 2008 in McCabe Hamilton & Renny Co., Ltd. v. ILWU, Local 142, AFL-CIO; Civ. No. 06-00514 SOM-LEK.

2009, and judgment was entered on January 15, 2009.

On May 15, 2009, Movant filed a Motion to Intervene or in the Alternative to Compel the ILWU-142 to Enforce This Court's Judgment ("Motion to Intervene").  A hearing on the Motion to Intervene scheduled for June 18, 2009 before this Court.

## **DISCUSSION**

Movant does not challenge the judgment entered in this case but, instead, seeks to restrain McCabe from satisfying the judgment without first obtaining Movant's consent or, alternatively, to require McCabe to post a bond or surety pursuant to Fed. R. Civ. P. 65.1.

Rule 65.1 "simply allows for an enforcement mechanism for bonds" whenever the Federal Rules of Civil Procedure require or allow a party to give security.  See Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 (9th Cir. 2000); Fed. R. Civ. P. 65.1.  Movant, however, fails to articulate a legal basis for requiring McCabe to post a bond or surety before it satisfies the judgment.

As the Motion does not appear to seek to stay or otherwise challenge the judgment, this Court construes it as a motion for preliminary injunction to enjoin ILWU Local 142 from settling or otherwise compromising the Arbitration Decision and Award without Movant's consent.

In a motion for preliminary injunction, "[a] plaintiff

. . . must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat'l Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (citations omitted).

### 1. Success on the Merits

Movant states that he has "been repeatedly assured that no settlement in this claim was possible without [his] agreement and [his] consent."  [Motion, Aff. of Quinten Tahara ("Tahara Aff."), at ¶ 4.]  He, however, fails to establish either that he has any legal right to approve settlement of the Arbitration Decision and Award, or that he has a cause of action against ILWU Local 142.  This Court therefore finds that Movant has failed to demonstrate that he is likely to succeed on the merits of the Motion to Intervene or on the merits of a separate action to enforce his right to approve any settlement.

### 2. Irreparable Injury

If ILWU Local 142 and McCabe enter into a settlement regarding the Arbitration Decision and Award, then these parties will likely compromise McCabe's obligations to pay the entire monetary award.  Movant has made it clear that he will not compromise this amount in that he "want[s] to have an opportunity to proceed to collect the full value of [his] Judgment (sic)

without entering into a settlement agreement." [Tahara Aff. at ¶ 18.] Thus, it is highly likely that ILWU Local 142 will agree to compromise and release McCabe from the judgment in an amount unacceptable to Movant. This Court therefore finds that Movant will be irreparably injured if ILWU Local 142 is not enjoined from settling without first obtaining Movant's consent.

### 3. **Balance of Equities**

Movant has not demonstrated that he has any right to approve any compromise of the judgment in this matter. ILWU Local 142, on the other hand, obtained the judgment and thus has the right to enforce it. This Court therefore finds that Movant has failed to demonstrate that the balance of equities tips in his favor.

### 4. **Public Interest**

Movant must also prove that the public interest weighs in favor of granting an injunction. Cases implicating a public interest involve, for example, the preservation of the environment or national defense. See, e.g., Natural Res. Def. Council, Inc. v. Winter, 502 F.3d 859, 863 (9th Cir. 2007). In contrast, the instant case involves an arbitration award stemming from a union grievance. The Court therefore finds that the public interest does not weigh in favor of an injunction.

Thus, this Court FINDS that an injunction pending a decision on the Motion to Intervene or pending the resolution of

5

a separate action to establish Movant's right to approve the settlement is not warranted.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Quinten Tahara's Ex Parte Motion to Stay ILWU-142 and McCabe Hamilton & Renny's Right to Settle Arbitration Award Without the Agreement of Quinten Tahara Movant in Pending Motion to Intervene or in the Alternative Motion to Require Defendant Judgment Debtor McCabe Hamilton & Renny's Posting of Bond or Surety, filed May 22, 2009, should be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 29, 2009.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142 V. MCCABE HAMILTON & RENNY CO., LTD.; CIVIL NO. 08-00458 SOM-LEK; FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN TAHARA'S EX PARTE MOTION TO STAY ILWU-142 AND MCCABE HAMILTON & RENNY'S RIGHT TO SETTLE ARBITRATION AWARD WITHOUT THE AGREEMENT OF QUINTEN TAHARA, MOVANT IN PENDING MOTION TO INTERVENE OR IN THE ALTERNATIVE MOTION TO REQUIRE DEFENDANT JUDGMENT DEBTOR MCCABE HAMILTON & RENNY'S POSTING OF BOND OR SURETY, FILED MAY 22, 2009**