IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 142, | ) ) ) | CIVIL NO.08-00458 SOM/LEK |
| Petitioner, | ) ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN TAHARA'S EX PARTE |
| vs. | ) ) | MOTION TO STAY ILWU-142 AND McCABE HAMILTON & RENNY'S |
| McCABE HAMILTON & RENNY CO., LTD., | ) ) ) | RIGHT TO SETTLE ARBITRATION AWARD WITHOUT THE AGREEMENT OF QUENTIN TAHARA, MOVANT IN |
| Respondent. _____ | ) ) ) | PENDING MOTION TO INTERVENE OR IN THE ALTERNATIVE MOTION TO REQUIRE DEFENDANT JUDGMENT DEBTOR McCABE HAMILTON & RENNY'S POSTING OF BOND OR SURETY, FILED MAY 22, 2009. |

ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN TAHARA'S EX PARTE MOTION TO STAY ILWU-142 AND McCABE HAMILTON & RENNY'S RIGHT TO SETTLE ARBITRATION AWARD WITHOUT THE AGREEMENT OF QUENTIN TAHARA, MOVANT IN PENDING MOTION TO INTERVENE OR IN THE ALTERNATIVE MOTION TO REQUIRE DEFENDANT JUDGMENT DEBTOR McCABE HAMILTON & RENNY'S POSTING OF BOND OR SURETY, FILED MAY 22, 2009.

I.      INTRODUCTION.

This matter is before this court on objections to Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation ("F&R") of May 29, 2009.  The F&R recommended that this court deny Quinten Tahara's Ex Parte Motion to Stay ILWU-142 and McCabe Hamilton & Renny's Right to Settle Arbitration Award Without the Agreement of Quinten Tahara, Movant in Pending Motion to Intervene or in the Alternative Motion to Require Defendant Judgment Debtor McCabe Hamilton & Renny's Posting of Bond or Surety.  Pursuant to Local Rule 7.2(d), the court finds this

matter suitable for judgment without a hearing.  The court adopts Magistrate Judge Kobayashi's findings and recommendation that the motion for a stay and the alternative motion for posting of bond or surety be denied.

II.     STANDARD OF REVIEW.

This court reviews this nondispositive post-trial order under the standard applicable to a nondispositive pre-trial order.  Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a); Local Rule 74.1.  The threshold of the "clearly erroneous" test is high.  See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (citations omitted)); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed"); accord United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Burdick v. Comm'r Internal Revenue

Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

III.    FACTUAL BACKGROUND.

This case has a lengthy history, with which the court and all parties are familiar. Movant Quinten Tahara was employed by Respondent McCabe Hamilton & Renny Co., Ltd., when he was assaulted and seriously injured at work. His union, the International Longshore and Warehouse Union, Local 142 ("ILWU"), represented him in a grievance proceeding against McCabe. The matter was submitted to arbitration, and the arbitrator issued a decision and award favorable to Tahara on April 7, 2008. This judge confirmed the arbitration award and entered judgment on January 15, 2009.

McCabe filed an appeal of the arbitration award to the Ninth Circuit, which remains pending. McCabe and the ILWU have since entered into settlement discussions. On May 15, 2009, Tahara filed a motion to intervene. Magistrate Judge Kobayashi heard the motion to intervene on June 16, 2009, and took the matter under advisement. On May 22, 2009, Tahara also moved to stay the settlement proceedings or alternatively to compel McCabe to post a bond, which is the subject of the F&R he now objects to.

IV.     ANALYSIS.

Magistrate Judge Kobayashi construed Tahara's motion for a stay of the settlement proceedings as a motion for preliminary injunctive relief. Magistrate Judge Kobayashi recommended that this court deny the motion because Tahara did not meet the criteria for a preliminary injunction. As the motion to intervene remains pending before Magistrate Judge Kobayashi, this court reviews the recommended denial of injunctive relief as concerning only a request that any settlement between McCabe and the ILWU be held in abeyance or that settlement discussions be enjoined.

Tahara does not demonstrate that the Magistrate Judge's findings were clearly erroneous. He does not object to any specific finding, rather using this appeal to assert his right to intervene in the ongoing settlement negotiations. Indeed, his appeal to this court requests different relief from that originally requested by the motion for a stay. He says he is "asking the Court to cut right to the chase and allow Mr. Tahara to Intervene and to have the Judgement assigned to him and allow him to collect what this Court already decided was rightfully the amount that the Company owes to him in the Judgment of this Court was entered on January 15, 2009."

Tahara's motion to intervene was heard by Magistrate Judge Kobayashi on June 18, 2009, and she has taken the matter

4

under advisement. That issue is not presently before this court. This court confines its review to the issue of whether the court should preliminarily enjoin any settlement or settlement discussion between McCabe and the ILWU. The court accordingly discusses the standard for obtaining such injunctive relief.

        A.    <u>Preliminary Injunction</u>.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. NRDC, Inc.</u>, 129 S. Ct. 365, 374 (2008).

        1.    <u>Success on the Merits.</u>

Magistrate Judge Kobayashi found that Tahara did not establish a likelihood of success on the merits because he did not show that he had any legal right to approve the settlement of the arbitration award or that he had a claim against the ILWU pertaining to any settlement. This finding was not clearly erroneous. Tahara does not cite any statute or case to the contrary.

At most, Tahara relies on <u>Samples v. Ryder Truck Lines, Inc.</u>, 755 F.2d 881, 886 (11th Cir. 1985), as demonstrating his right to intervene in the settlement discussions. <u>Samples</u> involved an employee who, like Tahara, had submitted to being

represented by the union in arbitration, but who sought to enforce the arbitration award on his own. The Eleventh Circuit noted:

> An individualized right of action to enforce an arbitration award, no less than the action of invoking arbitration itself, would certainly disrupt the administration of the collective agreement and "would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances."

Id. at 886 (quoting Republic Steel Corp. v. Maddox, 379 U.S. 650, 653 (1965)).

> The Eleventh Circuit concluded:
>
> [W]here a collective bargaining agreement specifies an arbitration procedure in which the union functions as the individual's exclusive representative, the job of asserting the individual's potential right of action to enforce the arbitration award under section 301 is presumed to have been delegated to the union as one of its duties as exclusive representative.

Id. at 886-87. The Eleventh Circuit thus held that the employee's right to act individually in bringing what the court viewed as a hybrid claim was "contingent on a showing that his union's failure to do so amounted to inadequate representation." Id. at 887. Under Samples, Tahara must establish inadequate representation before he can proceed individually. Samples does not give Tahara an unfettered right to the injunction requested here, and Tahara does not establish inadequate representation.

6

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967).  To establish inadequate representation, the employee must show that the union's conduct "seriously undermines the integrity of the arbitral process." Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567 (1976).  Tahara has not demonstrated that the ILWU's actions were arbitrary, discriminatory, or in bad faith.  He asserts that "there is a valid question of the adequacy of the representation of Mr. Tahara's interest right now in the enforcement and potential settlement of his claim without his independent agreement and not under a situation of fraud or duress."  Tahara appears to premise his claims of inadequate representation on the ILWU's willingness to enter into settlement discussions without his consent.  He does not, however, address the ILWU's reasons for entering into settlement discussions: to resolve McCabe's pending appeal and to structure payment of the award given McCabe's alleged financial constraints.  Tahara does not show that the ILWU's conduct undermined the integrity of the arbitral process.

The Fifth Circuit has also affirmed the role of a union with respect to an arbitration award:

> It would be paradoxical in the extreme if the
> union, which is authorized to decide whether

7

> a grievance is to be pursued to the
> arbitration stage at all, could not be
> authorized to assume full responsibility for
> a grievance it did pursue, without the
> intervention of the individual union members
> immediately concerned.

Acuff v. United Papermakers & Paperworkers, 404 F.2d 169, 171 (5th Cir. 1968).  In summary, Tahara does not show a likelihood of succeeding on his claim that settlement without his consent is improper.

       2.    Irreparable Harm.

       Magistrate Judge Kobayashi found that Tahara would be irreparably injured by any settlement that diminished the amount of his award.  This court agrees that continued settlement discussions appear likely to reduce the amount McCabe must pay, meaning Tahara will receive less.  Magistrate Judge Kobayashi's finding was not clearly erroneous.

       3.    Balance of Equities.

       Magistrate Judge Kobayashi found that because Tahara had not identified a legal right to approve any settlement, he had failed to demonstrate that the balance of equities tipped in his favor.  Magistrate Judge Kobayashi observed that the ILWU had obtained the judgment and therefore retained the right to enforce it.  The finding that the balance of equities weighed against the requested stay is not clearly erroneous.

    4. <u>Public interest</u>.

  As McCabe notes, the public interest supports the settlement of lawsuits.  <u>United States v. McInnes</u>, 556 F.2d 436, 441 (9th Cir. 1977) ("We are committed to the rule that the law favors and encourages compromise settlements.").  Magistrate Judge Kobayashi found that Tahara did not demonstrate that the public interest weighs in favor of an injunction.  This finding is not clearly erroneous.

  Because the above factors, viewed together, do not support an injunction, this court adopts the Magistrate Judge's recommendation that the requested stay be denied.

  B. <u>Motion to Post Bond or Surety.</u>

  Tahara alternatively moves for an order requiring McCabe to post a bond or surety pursuant to Rule 65.1 of the Federal Rules of Civil Procedure.  As Magistrate Judge Kobayashi noted, Rule 65.1 is merely an enforcement mechanism for bonds when the Federal Rules of Civil Procedure so require their use.  Not only does Tahara not demonstrate that a bond is required in the present litigation, he appears to abandon this argument on appeal.  The court adopts Magistrate Judge Kobayashi's finding that Tahara has failed to articulate a legal basis for requiring McCabe to post a bond and adopts her recommendation to deny the alternative motion.

V.        CONCLUSION.

Magistrate Judge Kobayashi's F&R was not clearly erroneous. The court accordingly adopts the F&R.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

International Longshore and Warehouse Union, Local 142, vs. McCabe Hamilton & Renny Co., Ltd., Civil No. 08-00458 SOM/LEK. ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN TAHARA'S EX PARTE MOTION TO STAY ILWU-142 AND McCABE HAMILTON & RENNY'S RIGHT TO SETTLE ARBITRATION AWARD WITHOUT THE AGREEMENT OF QUENTIN TAHARA.