IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, | ) ) ) | CIVIL NO. 08-00458 SOM-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MCCABE HAMILTON & RENNY CO., LTD., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY MOTION TO INTERVENE
OR IN THE ALTERNATIVE TO COMPEL
THE ILWU-142 TO ENFORCE THIS COURT'S JUDGMENT**

Before the Court is Quinten Tahara's ("Movant") Motion to Intervene or in the Alternative to Compel the ILWU-142 to Enforce This Court's Judgment ("Motion"), filed on May 15, 2009. Petitioner International Longshore & Warehouse Union Local 142, AFL-CIO ("ILWU") and Respondent McCabe Hamilton & Renny, Co., Ltd. ("McCabe") each filed its respective memorandum in opposition on May 29, 2009. On May 31, 2009, Movant filed a declaration of counsel that was both in support of another motion and in reply to ILWU's memorandum in opposition to the instant Motion.[1] This matter came on for hearing on June 18, 2009.

---

[1] On June 17, 2009 and June 18, 2009, Movant filed two reply declarations. At the hearing on the Motion, this Court stated that it would not consider the declarations because they were untimely. See Local Rule LR7.4 (stating that a reply in support a motion must be filed not less than eleven days prior to the
(continued...)

Appearing on behalf of Movant was Jay Lawrence Friedheim, Esq.
Appearing on behalf of ILWU were Daniel Purtell, Esq., and
Robert Miller, Esq.  Appearing on behalf of McCabe was
Christopher Yeh, Esq.  After careful consideration of the Motion,
supporting and opposing documents, and the arguments of counsel,
this Court HEREBY FINDS AND RECOMMENDS that Movant's Motion be
DENIED for the reasons set forth below.

## BACKGROUND

Movant, a former employee of McCabe, was assaulted and
seriously injured while at work.  The instant case arises out of
a grievance that ILWU filed on Movant's behalf.  The grievance
was submitted to arbitration.  The lengthy and complex history of
the civil, criminal and union grievance matters which arose out
of the assault are fully set forth in the Order Confirming in
Part and Remanding in Part Arbitration Award, filed on April 1,
2008 in McCabe Hamilton & Renny Co., Ltd. v. ILWU, Local 142,
AFL-CIO; Civ. No. 06-00514 SOM-LEK ("CV 06-00514").  In CV 06-
00514, the district judge confirmed the arbitration award to the
extent that it found McCabe to be liable, but remanded the matter
to the arbitrator for clarification of the calculation of
backpay.  McCabe appealed the judgment in CV 06-00514.  The
appeal is currently pending before the Ninth Circuit.

_____

[1](...continued)
hearing on the motion).

2

On April 7, 2008, the arbitrator, Ted Tsukiyama, issued
an Amended Supplemental Arbitration Decision and Award
("Arbitration Decision and Award").  On October 14, 2008, ILWU
filed the Petition to Confirm Arbitration Award Pursuant to 29
U.S.C. § 185 ("Petition").  [Petition, filed October 14, 2008, at
§§ 1-3.]  McCabe opposed the Petition.  The district judge
granted the Petition on January 14, 2009, and judgment was
entered on January 15, 2009.

In the instant Motion, Movant argues that ILWU holds
the judgment in constructive trust because it obtained the
judgment solely for his benefit and it has no legal right to the
funds.  According to Movant, ILWU refuses to collect on the
judgment.  Movant therefore argues that he should be allowed to
join in the instant action pursuant to Federal Rule of Civil
Procedure 19(a) because he is a necessary party who is required
for a just adjudication of the proceedings.  His need to become a
party to this case did not ripen earlier because it did not
become apparent until recently that ILWU would not collect on the
judgment.  In the alternative, Movant argues that he is entitled
to join because he claims an interest as to the subject matter of
the action and the inability to join would impair or impede his
ability to protect his interest.  Movant also argues that he may
face multiple or inconsistent obligations because he is a dues-
paying member of ILWU and member dues are being expended to

3

litigate this action.  If ILWU does not collect on the judgment, it may be forced to use union dues to pay its obligation to Movant.  Movant contends that there is no deadline for Rule 19(a) joinder of a party.  Further, his joinder is feasible and would not deprive the district court of jurisdiction over the case.

Movant also argues that the Court can grant permissive joinder pursuant to Federal Rule of Civil Procedure 20.  None of the parties would be prejudiced by his joinder, nor would it delay the case.  Movant's claim also arises from the district judge's affirmance of the arbitration award.  He notes that a motion to add a party pursuant to Federal Rule of Civil Procedure 21 may be made at any stage of the action, and he argues that he is the real party in interest within the meaning of Federal Rule of Civil Procedure 17(a).

Movant next argues that the Court can grant either intervention as a matter of right or permissive intervention. The Motion is timely because there is no possible prejudice to McCabe.  McCabe already has a judgment against it and the time to appeal has elapsed.  The possibility that McCabe could declare bankruptcy intensifies the urgency for Movant to intervene in the action.  Movant also argues that the Motion is timely because he only recently learned that ILWU would refuse to enforce the judgment.  ILWU had repeatedly reassured him that their attorneys would promptly proceed to obtain satisfaction of the judgment but

4

that there was some delay because of the attorneys' busy schedules.  ILWU had also assured him that it would not settle the matter without his approval.  Movant argues that intervention may be permitted at any time, even after judgment.

Movant seeks intervention as a matter of right because he has an interest in the subject matter of the action and he will not be able to protect that interest unless he is allowed to intervene.  Further, the existing parties are not adequately representing his interests.  In the alternative, he argues that he should be allowed permissive intervention because there are common questions of law and the parties will not be prejudiced.

Finally, Movant argues that, if the Court is not inclined to grant intervention, the Court should compel ILWU to enforce the judgment.

In its memorandum in opposition, ILWU notes that McCabe's opening brief for the CV 06-00514 appeal is due on July 13, 2009.  McCabe has represented to the district court and to ILWU that: 1) it is unable to post a bond pending appeal or otherwise secure the judgment; and 2) it is likely to file bankruptcy if ILWU seeks to execute the judgment and McCabe is unable to obtain a stay.  ILWU states that it has taken steps to enforce the award, including perfecting the judgment as an exemplified foreign judgment, enrolling it in the state courts, and recording it.  ILWU has also investigated McCabe's financial

condition and consulted with accountants and bankruptcy attorneys about the enforcement of the judgment.  ILWU and McCabe have conducted settlement discussions, but have not reached an agreement.

On April 1, 2009, ILWU requested a meeting with Movant and his counsel to discuss the enforcement of the judgment and the possibility of settlement.  They scheduled the meeting for May 22, 2009.  In the interim, Movant filed a charge before the National Labor Relations Board ("NLRB") alleging that ILWU breached the duty of fair representation by failing to collect the judgment in the instant case.  At the meeting, ILWU updated Movant on its efforts regarding the enforcement of the judgment. They also discussed the risks posed by McCabe's potential bankruptcy and the Ninth Circuit appeal.  ILWU told Movant that it would give McCabe a week to either secure a bond or provide adequate verification of its inability to do so.  ILWU said that it would seek a fair resolution under the circumstances and would keep Movant's counsel informed about any progress.  It also stated that, although it hoped to reach a settlement that would be acceptable to Movant, its duty was to fairly represent all of its members within the McCabe bargaining unit.

ILWU argues that, even assuming *arguendo* that its interests diverge from Movant's, it is not necessary for him to participate in this action.  The pending NLRB proceeding will

address whether ILWU has properly balanced potentially divergent
interests within the bargaining unit it represents.  Allowing
Movant to participate in the instant action would raise the same
issues in the instant case, creating a risk that the district
court might apply different standards and reach different
conclusions from the NLRB.  The NLRB proceedings will adequately
protect Movant's interests.[2]

        ILWU also argues that intervention is not appropriate
because the Motion was untimely.  Movant's counsel stated in his
declaration that ILWU and its attorneys have been pressuring
Movant for the past year to accept a settlement which Movant's
counsel believed was not in Movant's best interests.  Thus,
Movant was previously aware of his divergent interests with ILWU,
but failed to intervene.  Allowing his intervention at this late
stage would unnecessarily complicate this case, which has been
closed for almost five months, by introducing new and unnecessary
issues for further litigation.  Further, ILWU has pursued its
grievance on Movant's behalf and been largely successful.  It is
taking the necessary steps to enforce the judgment, but it is
also exploring settlement in light of the fact that McCabe's
potential bankruptcy and the pending appeal could leave Movant

---

        [2] At the hearing on the Motion, counsel for ILWU
acknowledged that Movant has withdrawn the NLRB charge, but
counsel noted that Movant could re-institute the NLRB proceedings
because the withdrawal was without prejudice.

7

with nothing.  Movant seeks to compel more litigation, either to
execute the judgment or to force McCabe to post a bond, and
expending more resources in litigation would diminish Movant's
recovery and harm the interests of the entire bargaining unit.
Thus, there is no justification for Movant's intervention.

ILWU also argues that the Court should deny the request
for joinder because Movant unnecessarily delayed in bringing the
Motion and Movant's joinder would prejudice the parties.  Movant
is not a necessary party because the district judge has already
accorded complete relief between the parties and, in light of the
pending NLRB proceeding, Movant's interests will not be impaired
if he is not allowed to join.  Movant's joinder would also
expose, rather than protect, ILWU from inconsistent judgments or
further litigation.  Permissive joinder is also inappropriate
because Movant alleges that his interests differ from ILWU's.
Thus, there are no common issues of law or fact between ILWU and
Movant.  Even if joinder was permissible, the Court should deny
joinder in its discretion because of the pending NLRB proceeding.

In its memorandum in opposition, McCabe states that
from January 2009 to the present, it made several attempts to
obtain a bond for the judgment amount but were able to do so
because they could not post the required collateral.  McCabe
argues that Movant's request for joinder/intervention should be
denied because any claims he could assert would be futile.  The

district court would not have jurisdiction over any claims that Movant may assert against McCabe because of the pending appeal in CV 06-00514. Any claims that Movant could assert in the instant case would require establishment of McCabe's liability to Movant, which would implicate the appeal. The fact that Movant may be able to satisfy the procedural requirements for joinder or intervention is irrelevant if he cannot state an independent cause of action. Movant does not state what claim he would assert and he did not attach a claim in intervention. If Movant is attempting to allege a breach of contract claim based on the collective bargaining agreement, the claim would be preempted by 29 U.S.C. § 185(a). If he is attempting to allege a "hybrid" claim, he must establish that the ILWU breached the duty of fair representation. Movant cannot do so and the NLRB proceeding would address this issue.

Finally, McCabe argues that Movant has no legal basis for his request to compel ILWU to enforce the judgment. This is effectively a claim that McCabe breached the collective bargaining agreement and such a claim would be preempted. Courts will not second guess a union's judgment unless there is intentional discrimination or substantial evidence of bad faith, fraud, deceitful action, or dishonest conduct. Movant cannot meet that standard and, even if he could, there is no authority to support his request to compel the execution of the judgment in

9

light of the pending appeal in CV 06-00514.

The declaration of counsel that Movant submitted in reply included documentation of Movant's withdrawal of the NLRB claim. Movant's counsel reiterated that ILWU and its counsel had previously taken the position that ILWU would not settle the case without his agreement. Movant acted immediately once they heard that the ILWU had changed its position.

## **DISCUSSION**

### I.   **Joinder**

Movant argues that joinder would be appropriate under either Rule 19(a)(1) or Rule 20(a)(1) of the Federal Rules of Civil Procedure. Rule 19(a)(1) reads:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (I) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

A person described in Rule 19(a)(1) is considered a "necessary party," and should be joined if possible. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th

10

Cir. 2004) (citation omitted).

Movant is subject to service of process and his joinder would not destroy federal jurisdiction over this case. Judgment in this case, however, has already been entered. Thus, complete relief has already been accorded among the existing parties. Movant is not a necessary party under Rule 19(a)(1)(A).

The instant case dealt with the calculation of the backpay that McCabe owes in the grievance that ILWU brought on Movant's behalf. Movant therefore has an interest in the subject matter of this litigation. Rule 19(a)(1)(B)(I), however, does not apply. The purpose of Rule 19(a) is "to protect a party's right to be heard and to participate in adjudication of a claimed interest." In re Republic of Philippines, 309 F.3d 1143, 1152 (9th Cir. 2002) (citation and quotation marks omitted). The amount of the backpay award has already been adjudicated. If Movant desired to be heard and to participate in the adjudication of the amount, he should have moved to join the action before the district judge confirmed the Arbitration Decision and Award. Finally, allowing Movant to join in this action will not protect either ILWU or McCabe from multiple or inconsistent obligations.

This Court FINDS that Movant is not a necessary party and is not entitled join pursuant to Rule 19(a)(1)(B).

In the alternative, Movant seeks permissive joinder pursuant to Federal Rule of Civil Procedure 20(a), which states,

in pertinent part:

> (1) Plaintiffs.   Persons may join in one action as
> plaintiffs if:
>> (A) they assert any right to relief jointly,
>> severally, or in the alternative with respect
>> to or arising out of the same transaction,
>> occurrence, or series of transactions or
>> occurrences; and
>> (B) any question of law or fact common to all
>> plaintiffs will arise in the action.

The purpose of Rule 20(a) is "to promote judicial economy, and
reduce inconvenience, delay, and added expense." Coughlin v.
Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (citation omitted).

Movant does assert a right to the relief to be obtained
in the instant case.   The Court, however, finds that there is no
common question of law or fact at this stage of the case.
McCabe's liability and the amount McCabe owes have already been
determined.   Movant seeks only to join in the action to
participate in any litigation and/or settlement process regarding
the collection of the judgment.   The Motion does not identify any
common questions of law or fact between Movant and ILWU as to the
collection of the judgment.   In fact, the very reason Movant
wants to become a party in this case is because he alleges that
ILWU is representing its own interests, which Movant alleges are
different from his own.   This Court therefore FINDS that Movant
may not be joined pursuant to Rule 20(a).

The Court RECOMMENDS that the district judge DENY the
Motion as to the request for joinder.

II.   **Intervention**

    A.   **Intervention as of Right**

In the alternative, Movant argues that he should be granted intervention as a matter of right.  Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the present case, there is no federal statute giving Movant an unconditional right to intervene.

In order to intervene pursuant to Rule 24(a)(2), the proposed intervenor must show that:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (citation and internal quotation marks omitted).  The proposed intervenor has the burden of establishing these elements, but courts interpret the elements broadly in favor of intervention.  See id.

13

Timeliness is the threshold issue and the court determines

whether the motion to intervene is timely based on equitable

considerations.  The court also considers other elements under a

practical and equitable analysis.  See Canatella v. California,

404 F.3d 1106, 1113 (9th Cir. 2005).

>    1.  **Timeliness**
>
>    The Ninth Circuit
>
>    evaluates three factors to determine whether a
>    motion to intervene is timely: (1) the stage of
>    the proceeding at which an applicant seeks to
>    intervene; (2) the prejudice to other parties; and
>    (3) the reason for and length of the delay.  Delay
>    is measured from the date the proposed intervenor
>    should have been aware that its interests would no
>    longer be protected adequately by the parties, not
>    the date it learned of the litigation.  Although
>    the length of the delay is not determinative, any
>    substantial lapse of time weighs heavily against
>    intervention.  If the court finds that the motion
>    to intervene was not timely, it need not reach any
>    of the remaining elements of Rule 24.

United States v. State of Wash., 86 F.3d 1499, 1503 (9th Cir.

1996) (citations and internal quotation marks omitted).

The arbitrator issued his original decision in July

1999 and clarified it in January 2000.  At the arbitrator's

direction, ILWU and McCabe attempted to resolve the remedy issue,

but eventually returned for further arbitration in March 2006.

On June 22, 2006, the arbitrator set forth the damages in his

Supplemental Decision and Award, which he clarified on June 26,

2006.  McCabe filed CV 06-00514 to vacate the award.  The

district judge confirmed the award in part and remanded it in

part on April 1, 2008.  Judgment was entered on the same day.
Movant did not attempt to intervene in CV 06-00514.

On April 7, 2008, the arbitrator issued the Arbitration
Decision and Award, which addressed the issue on remand.  ILWU
filed the instant action to confirm the award on October 14,
2008.  The district judge confirmed the Arbitration Decision and
Award on January 14, 2009, and judgment was entered the next day.
Movant did not file the instant Motion until four months after
the entry of judgment in the instant case.

The Court finds that allowing Movant to intervene at
this stage of the litigation would be prejudicial to ILWU and
McCabe.  All of the claims between ILWU and McCabe have been
litigated and Movant only seeks to intervene to address how the
judgment in this action is collected.  Movant seeks to add
collateral issues to the instant action, such as whether ILWU's
conduct in collecting the judgment violates its duty of fair
representation.  The addition of other issues will prolong this
action and prejudice the existing parties.

Movant argues that he did not seek to intervene sooner
because ILWU had consistently represented to him that it would
not settle the matter without his approval.  He states that he
filed the instant Motion as soon as he learned that ILWU had
changed its position on his approval.  Movant, however, has known
about these proceedings from the outset and the alleged

15

divergence of Movant's and ILWU's interests was foreseeable.  In fact, Movant's counsel himself represented that, for the last year, ILWU has been pressuring Movant to accept a settlement that was not in Movant's best interests.  [Motion, Decl. of Jay Lawrence Friedheim, at ¶¶ 12-13.]  Thus, to the extent that Movant perceives a conflict between ILWU's interests and his own, Movant knew about the conflict for at least the past year but did not seek to intervene.

Having considered all of the relevant factors, this Court finds that Movant's request to intervene was not timely. This Court need not address the other requirements for intervention, but the Court will do so for the sake of completeness.

### 2.   **Movant's Interest**

Movant clearly has a significant protectable interest in the backpay award which is the subject matter of this action. ILWU may agree to settle this matter by accepting a lower amount in satisfaction of the judgment against McCabe and Movant's position is that the judgment should be enforced in full.  Thus, Movant's ability to protect his interest may be impaired if his not permitted to join this action.

### 3.   **Adequate Representation**

Movant, however, cannot prove that ILWU will not adequately represent his interests.  ILWU has spent significant

16

time and resources litigating these matters and it has achieved a sizeable award against McCabe.  ILWU has also taken steps toward enforcing the judgment, including consulting with accountants and bankruptcy attorneys to address potential problems in the enforcement.  The mere fact that ILWU may settle the case does not require a finding that it may not adequately represent Movant's interests.  ILWU's desire to explore settlement is not unreasonable in light of the fact that either the pending appeal in CV 06-00514 or the possibility that McCabe may declare bankruptcy could leave ILWU, and therefore Movant, with nothing in this case.

Movant essentially wants *complete* control over the enforcement of the judgment in this case.  Movant, however, has not identified any legal authority establishing such a right.  The relevant issue for Rule 24(a) purposes is whether ILWU may not *adequately* represent Movant's interests.  All indications are that ILWU is adequately representing Movant's interests and will continue to do so.  This Court therefore FINDS that, even assuming *arguendo*, that the Motion is timely, Movant is not entitled to intervention as a matter of right.

### B.  Permissive Intervention

Finally, Movant argues that this Court should grant permissive intervention.  Federal Rule of Civil Procedure 24(b) provides, in pertinent part:

17

> (1) In General.  On timely motion, the court may
> permit anyone to intervene who:
>> (A) is given a conditional right to intervene
>> by a federal statute; or
>> (B) has a claim or defense that shares with
>> the main action a common question of law or
>> fact.
> . . . .
> (3) Delay or Prejudice.  In exercising its
> discretion, the court must consider whether the
> intervention will unduly delay or prejudice the
> adjudication of the original parties' rights.

The decision whether to allow permissive intervention is within

the district court's discretion and is determined on a case-by-

case basis, according to the factors articulated in Rule 24(b).

See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1110 (9th

Cir. 2002); United States v. City of Los Angeles, 288 F.3d 391,

403 (9th Cir. 2002).  "Thus, a court may grant permissive

intervention where the applicant for intervention shows (1)

independent grounds for jurisdiction; (2) the motion is timely;

and (3) the applicant's claim or defense, and the main action,

have a question of law or a question of fact in common."  City of

Los Angeles, 288 F.3d at 403 (citation and quotation marks

omitted).

As noted, *supra*, the instant Motion is untimely.  Even

assuming, *arguendo*, that the Motion was timely, Movant does not

meet the other requirements in Rule 24(b).  Movant has not

identified any statute granting him a conditional right to

intervene.  Further, there are no common issues of law or fact,

and allowing intervention would unduly delay the case and

prejudice the existing parties.  The Court also notes that Movant is not without a remedy.  Movant can re-institute proceedings before the NLRB addressing ILWU's alleged violation of its duty of fair representation in this matter.  This Court therefore FINDS that, even assuming *arguendo*, that the Motion is timely, Movant is not entitled to permissive intervention.

The Court RECOMMENDS that the district judge DENY the Motion as to the request to intervene.

## III. Request to Compel Enforcement of the Judgment

If he is not permitted to join or intervene in the instant case, Movant requests an order compelling ILWU to enforce the judgment.  Movant does not cite any legal authority supporting such action.  This Court therefore RECOMMENDS that the district judge DENY Movant's request to compel the enforcement of the judgment.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Quinten Tahara's Motion to Intervene or in the Alternative to Compel the ILWU-142 to Enforce This Court's Judgment, filed May 15, 2009, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

19

DATED AT HONOLULU, HAWAII, June 30, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142 F. MCCABE
HAMILTON & RENNEY CO., LTD.; CIVIL NO. 08-00458 SOM-LEK; FINDINGS
AND RECOMMENDATION TO DENY MOTION TO INTERVENE OR IN THE
ALTERNATIVE TO COMPEL THE ILWU 142 TO ENFORCE THIS COURT'S
JUDGMENT