IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 142, | ) ) ) | CIVIL NO.08-00458 SOM/LEK |
| Petitioner, | ) ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN TAHARA'S MOTION TO |
| vs. | ) ) | INTERVENE OR IN THE ALTERNATIVE MOTION TO COMPEL |
| McCABE HAMILTON & RENNY CO., LTD., | ) ) ) | THE ILWU-142 TO ENFORCE THE COURT'S JUDGMENT |
| Respondent. | ) ) ) | |
| _____ | ) | |

ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN
TAHARA'S MOTION TO INTERVENE OR IN THE ALTERNATIVE MOTION TO
COMPEL THE ILWU-142 TO ENFORCE THE COURT'S JUDGMENT

I.      INTRODUCTION.

        This matter is before this court on objections to

Magistrate Judge Leslie E. Kobayashi's Findings and

Recommendation ("F&R") of June 30, 2009.  The F&R recommends that

this court deny Quinten Tahara's Motion to Intervene or In the

Alternative Motion to Compel the ILWU-142 to Enforce the Court's

Judgement.  Pursuant to Local Rule 7.2(d), the court finds this

matter suitable for judgment without a hearing.  The court adopts

Magistrate Judge Kobayashi's findings and recommendation that the

motion to intervene and the alternative motion to compel

enforcement of the judgment be denied.

II.     STANDARD OF REVIEW.

        This court reviews this nondispositive post-trial order

under the standard applicable to a nondispositive pre-trial

order.  Such an order may be reversed by the district court judge
only when it is "clearly erroneous or contrary to law."  See 28
U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a); Local Rule 74.1.
The threshold of the "clearly erroneous" test is high.  See
Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001)
("Under the 'clearly erroneous' standard, the lower court's
ruling must be accepted unless, after reviewing the entire
record, this Court is left with the definite and firm conviction
that a mistake has been committed." (citations omitted)); Thorp
v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly
erroneous standard is "significantly deferential, requiring a
definite and firm conviction that a mistake has been committed");
accord United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)
("A finding is 'clearly erroneous' when although there is
evidence to support it, the reviewing court on the entire
evidence is left with the definite and firm conviction that a
mistake has been committed."); Burdick v. Comm'r Internal Revenue
Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is
clearly erroneous if we have a definite and firm conviction that
a mistake has been committed.").

III.    FACTUAL BACKGROUND.

        Movant Quinten Tahara was employed by Respondent McCabe
Hamilton & Renny Co., Ltd., when he was assaulted and seriously
injured at work.  His union, the International Longshore and

2

Warehouse Union, Local 142 ("ILWU"), represented him in a grievance proceeding against McCabe.  The matter was submitted to arbitration, and the arbitrator issued a decision and award favorable to Tahara on April 7, 2008.  This judge confirmed the arbitration award and entered judgment on January 15, 2009.

McCabe filed an appeal of the arbitration award to the Ninth Circuit, which remains pending.  McCabe and the ILWU have since entered into settlement discussions.

On May 15, 2009, Tahara filed a motion to intervene, objecting to the ILWU's attempts to settle his claim.  The ILWU maintains that a settlement would be appropriate, in light of the pending appeal and McCabe's allegedly precarious financial circumstances (McCabe claims that it is unable to pay the full judgment in one installment without going bankrupt).  Tahara seeks to intervene in this case to compel payment of the judgment in full.  In the alternative, if not permitted to intervene, he moves for an order compelling the ILWU to enforce the judgment in full.

IV.     ANALYSIS.

        A.   The Union is Tahara's Exclusive Representative
             During Confirmation of the Arbitration Award.

The court begins its review of Tahara's proposed intervention by examining whether intervention is permitted by substantive federal labor law.  The collective bargaining agreement designated the union as the employee's exclusive

3

representative in a grievance procedure.  As the Ninth Circuit
has noted, "It is a well-established principle of labor law that
a union and its members must attempt to exhaust the exclusive
remedies provided in their collective bargaining agreement with
the employer before they seek judicial intervention for breach of
the agreement."  Williams v. Pacific Maritime Asso., 617 F.2d
1321, 1327 (9th Cir. 1980) (citations omitted).

This is not to say an employee may never proceed
individually while the union is pursuing the grievance.  The
union's responsibility carries with it a duty of fair
representation, and an employee need not defer to the union when
the union is not protecting his or her interests.  "Claims
alleging breach of the duty of fair representation in negotiating
the collective bargaining agreement are not subject to the
exhaustion requirement."  Id. at 1328.

Tahara appears to argue that the confirmation of the
arbitration award gives rise to his absolute right to have the
award enforced.  If the union fails to collect the award in full,
he asserts, the union breaches its duty of fair representation.
In his oral argument before Magistrate Judge Kobayashi, Tahara's
counsel cited Samples v. Ryder Truck Lines, Inc., 755 F.2d 881
(11th Cir. 1985), for the proposition that "a Union's delay or
refusal to enforce an already existing judgment is a breach of
the duty of fair representation and would allow a Grievant to

4

intervene in the case to enforce a judgment that rightly belongs to the Claimant." (Tr. 21: 16-20.)  Counsel for the ILWU asserted that this was an inaccurate characterization of that holding. This court agrees.

In <u>Samples</u>, the aggrieved employee, represented by the union in arbitration, sought to enforce the arbitration award on his own.  Rather than permit the employee to intervene, the Eleventh Circuit held that the union continued to function as the employee's exclusive representative during the confirmation of the arbitration award.

> [W]here a collective bargaining agreement
> specifies an arbitration procedure in which
> the union functions as the individual's
> exclusive representative, the job of
> asserting the individual's potential right of
> action to enforce the arbitration award under
> section 301 is presumed to have been
> delegated to the union as one of its duties
> as exclusive representative.

<u>Id.</u> at 886-87.

The Eleventh Circuit held that the standards for fair representation were therefore applicable to this stage of the grievance procedure.  That is, the court noted that an employee who was otherwise barred from confirming an arbitration award on his own could do so, "contingent on a showing that his union's failure to do so amounted to inadequate representation."  <u>Id.</u> at 887.  As the employee in <u>Samples</u> did not contend that the union failed to fairly represent him, he could not proceed on his own.

The Fifth Circuit has also confirmed that a union is the exclusive representative throughout the enforcement of an arbitration award:

> It would be paradoxical in the extreme if the union, which is authorized to decide whether a grievance is to be pursued to the arbitration stage at all, could not be authorized to assume full responsibility for a grievance it did pursue, without the intervention of the individual union members immediately concerned.

Acuff v. United Papermakers & Paperworkers, 404 F.2d 169, 171 (5th Cir. 1968).  The court went on to caution, "This is not to say, however, that we would afford no relief even if a union in refusing to pursue a grievance or in its manner of advocacy were motivated by animus against an individual union member."  Id.  As the employees in Acuff had not alleged bad faith or inadequate representation, the court affirmed the denial of their motion to intervene.

The Ninth Circuit has noted that a breach of the duty of fair representation may occur at any stage of the grievance proceedings:

> To us, it makes little difference whether the union subverts the arbitration process by refusing to proceed . . . or follows the arbitration trail to the end, but in so doing subverts the arbitration process by failing to fairly represent the employee. In neither case, does the employee receive fair representation.

Margetta v. Pam Pam Corp., 501 F.2d 179, 180 (9th Cir. 1974).

6

Therefore, to intervene after confirmation of the arbitration award, Tahara must show that the union has breached its duty of fair representation to him.  This is a high bar.  "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967).  To establish inadequate representation, the employee must show that the union's conduct "seriously undermines the integrity of the arbitral process." Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567 (1976).

Tahara argues that the ILWU's failure to collect the arbitration award in full is evidence of bad faith.  Tahara offers no law on this point.  Just as the Fifth Circuit has cautioned that "employees cannot equate lack of complete success with bad faith any more than they could if their own lawyers had been involved," Acuff, 404 F.2d at 171, a union's purported inability to collect an award is not the same as bad faith.  The ILWU prosecuted Tahara's claim diligently without objection by Tahara for years.  The ILWU's present intention to engage in settlement discussions is allegedly informed by its concern about McCabe's financial constraints and the pending appeal.

The Ninth Circuit has held, "Unions have broad discretion to act in what they perceive to be their members' best interests." Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th

7

Cir. 1988) (citing <u>Ford Motor Co. v. Huffman</u>, 345 U.S. 330, 337-39 (1953)).  When the union's judgment is called into question, "the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith.  Arbitrariness alone would not be enough."  <u>Id.</u>

The ILWU's decision to enter into settlement talks was a discretionary one.  Tahara has not demonstrated that it was discriminatory or in bad faith.  He questions McCabe's claims of insolvency and the propriety of any settlement agreement, but he has not alleged any facts to suggest that the ILWU's actions were motivated by animus or were taken in reckless disregard for his interests.  Above all, Tahara does not show that the ILWU's conduct undermined the integrity of the arbitral process.

This court notes that the Seventh Circuit has permitted employees to intervene in a dispute prosecuted by the union despite the lack of a breach of the duty of fair representation by the union.  In <u>F. W. Woolworth Co. v. Miscellaneous Warehousemen's Union</u>, 629 F.2d 1204 (7th Cir. 1980), employees sought to intervene to appeal a district court's order setting aside their arbitration award when the union declined to do so. The union, which had represented them up until that point, did not oppose the employees' intervention.

In permitting the employees to intervene when the employer sought to have the award vacated, the Seventh Circuit

emphasized that it was influenced by the union's lack of

opposition to the employees' intervention:

> If there were even any colorable conflict
> between the individual employees and the
> Union as to whether an appeal ought to be
> taken or as to what stance ought to be taken
> on appeal, we assume that the Union might
> prevail in the balancing process which we
> have essayed.  If there were indications that
> the Union agreed not to appeal in exchange
> for other consideration from Woolworth,
> intervention might be inappropriate or,
> conversely, questions of fair representation
> might conceivably arise. When, as here, the
> Union is merely passive at a late stage in
> the litigation, we ought reasonably to assume
> that no conflicts of policy are present.

Id.

Tahara's circumstances are easily distinguishable.  The

ILWU opposes his intervention and his motion to compel payment of

the judgment in full.  As the Seventh Circuit noted, the court

should generally defer to the union's judgment, especially when,

as here, there are valid reasons for its position.  The ILWU

decided to enter into settlement talks having considered, in good

faith, McCabe's ability to pay and the opportunity to avoid an

appellate challenge to the award.

Federal substantive labor law prevents Tahara from

intervening in this case under any theory he proposes.  The court

nevertheless briefly addresses those theories.

9

B.   <u>Tahara Has No Viable Theories of Relief</u>.

1.   <u>Required Joinder</u>.

Tahara first claims that he is a necessary party and must be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure.  Rule 19(a) provides:

> (1) <u>Required Party</u>. A person who is subject
>     to service of process and whose joinder
>     will not deprive the court of
>     subject-matter jurisdiction must be
>     joined as a party if:
>     (A)  in that person's absence, the court
>          cannot accord complete relief among
>          existing parties; or
>     (B)  that person claims an interest
>          relating to the subject of the
>          action and is so situated that
>          disposing of the action in the
>          person's absence may:
>          (i)   as a practical matter impair
>                or impede the person's ability
>                to protect the interest; or
>          (ii)  leave an existing party
>                subject to a substantial risk
>                of incurring double, multiple,
>                or otherwise inconsistent
>                obligations because of the
>                interest.

Under either Rule 19(a)(1)(A) or Rule 19(a)(1)(B), Tahara cannot show that he is a necessary party.  In the first instance, the court can accord full relief by allowing the ILWU and McCabe to settle the grievance.  In the second instance, Tahara has not demonstrated that the ILWU is not adequately representing his interests.

The Ninth Circuit has held, "Whether a party is indispensable to the maintenance of an action is necessarily a

10

practical determination not governed by rigid formula." <u>Kaplan</u>
<u>v. International Alliance of Theatrical & Stage Employees &</u>
<u>Motion Picture Machine Operators</u>, 525 F.2d 1354, 1361 (9th Cir.
1975) (citing <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>,
390 U.S. 102, 116 n.12 (1968)).  Whether or not a party is
indispensible turns on "prejudice, equity and good conscience."
<u>Id.</u> (citations omitted).  As the ILWU is protecting his interests
in good faith, Tahara is not an indispensible party and should
not be joined pursuant to Rule 19.  The court adopts Magistrate
Judge Kobayashi's recommendation to deny the motion for required
joinder.

    2. <u>Permissive Joinder</u>.

   Tahara next argues that he should be permitted to join
this action as a claimant pursuant to Rule 20 of the Federal
Rules of Civil Procedure.  Rule 20(a) provides:

> (1) <u>Plaintiffs</u>. Persons may join in one
> action as plaintiffs if:
> (A) they assert any right to relief
> jointly, severally, or in the
> alternative with respect to or
> arising out of the same
> transaction, occurrence, or series
> of transactions or occurrences; and
> (B) any question of law or fact common
> to all plaintiffs will arise in the
> action.

   Tahara has not identified any individual right to
relief.  Were he to show that the ILWU breached its duty of
adequate representation, he would be permitted to join the suit

11

to assert his own claim.  However, absent such a showing, the
recommendation to deny permissive joinder was appropriate.

       3.  <u>Intervention</u>.

      Tahara also moves for intervention pursuant to Rule 24
of the Federal Rules of Civil Procedure.  Rule 24(a) provides:

> <u>Intervention of Right</u>. On timely motion, the
> court must permit anyone to intervene who:
> (1) is given an unconditional right to
>     intervene by a federal statute; or
> (2) claims an interest relating to the
>     property or transaction that is the
>     subject of the action, and is so
>     situated that disposing of the
>     action may as a practical matter
>     impair or impede the movant's
>     ability to protect its interest,
>     unless existing parties adequately
>     represent that interest.

      Tahara has not demonstrated an unconditional right to
intervene by statute.  While asserting an interest in the
arbitration award, he fails to show that the ILWU is not
adequately representing his interests.  The court accordingly
adopts Magistrate Judge Kobayashi's recommendation that the
motion to intervene be denied.

       4.  <u>Motion to Compel Enforcement of the Judgment</u>

      If not permitted to join the suit, Tahara alternatively
moves to compel the ILWU to enforce the arbitration award.
Tahara cites no legal authority for compelling enforcement of the
judgment.  This court accordingly adopts the Magistrate Judge's

recommendation that the alternative motion to compel enforcement of the judgment be denied.

V.        CONCLUSION.

        Tahara has not demonstrated any legal basis to join or intervene in this case or otherwise compel enforcement of the arbitration award.  The court adopts the F&R.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, July 13, 2009.



                    /s/ Susan Oki Mollway
                    Susan Oki Mollway
                    Chief United States District Judge


International Longshore and Warehouse Union, Local 142, vs.
McCabe Hamilton & Renny Co., Ltd., Civil No. 08-00458 SOM/LEK.
ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY MOVANT QUINTEN
TAHARA'S MOTION TO INTERVENE OR IN THE ALTERNATIVE TO COMPEL THE
ILWU-142 TO ENFORCE THIS COURT'S JUDGMENT.